IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**PHILLIP ALIG, SARA J. ALIG,
ROXANNE SHEA, and
DANIEL V. SHEA,** *individually and on
behalf of a class of persons*,

        Plaintiffs,

v.                                  Civil Action No. 5:12-CV-115
                                                    (BAILEY)

**QUICKEN LOANS, INC.,
TITLE SOURCE, INC.,** *doing business as*
**TITLE SOURCE INC. OF WEST VIRGINIA, INCORPORATED,
DEWEY V. GUIDA,
APPRAISALS UNLIMITED, INC., and
RICHARD HYETT,**

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

Pending before this Court is Plaintiffs' Motion to Remand [Doc. 8], filed on August 21, 2012.  Defendant Quicken Loans, Inc., filed its Response in Opposition to Plaintiffs' Motion to Remand [Doc. 11] on September 4, 2012.  On the same day, defendant Richard Hyett filed his Response to Motion to Remand [Doc. 12].  Defendants Dewey V. Guida and Appraisals Unlimited, Inc., filed their Response to Motion to Remand [Doc. 13] on September 7, 2012.  Title Source, Inc., *d/b/a* Title Source Inc. Of West Virginia, Incorporated, did not file a response to the Motion to Remand.  Plaintiffs filed their Reply Memorandum in Further Support of Their Motion to Remand [Doc. 14] on September 12, 2012.  This Court, having reviewed the motion and the memoranda submitted with regard thereto, finds that Plaintiffs' Motion to Remand [Doc. 8] should be **GRANTED** for the

following reasons.

## I.  Background

On December 27, 2011, the plaintiffs filed a lawsuit in the Circuit Court of Ohio County, West Virginia, on behalf of themselves as well as a proposed class of West Virginians; on June 21, 2012, the plaintiffs filed an Amended First Complaint in the state proceeding [Doc. 1-1 at 5-25].  The proposed plaintiff class was tentatively defined as the following:

> All West Virginia citizens at the time of the filing of this action who, within the applicable statute of limitations preceding the filing of this action through the date of class certification, obtained mortgage loans from Defendant Quicken [Loans, Inc.], and (a) were provided unsigned loan documents at closing, (b) were assessed loan discount, courier, or notary fees, or (d) [*sic*] for whom Quicken [Loans, Inc.,] obtained appraisals through an appraisal request form that included an estimate of value of the subject property.

[*Id.* at 15-16].

The lawsuit was brought against Quicken Loans, Inc. ("Quicken"), Title Source, Inc., *d/b/a* Title Source Inc. of West Virginia, Incorporated ("Title Source"), and a class of defendant appraisers, represented by Appraisals Unlimited, Inc., Dewey V. Guida, and Richard Hyett [*Id.* at 5-6].  The proposed class of defendant appraisers was defined by the plaintiffs as the following:

> All real estate appraisers who are citizens of the State of West Virginia at the time of the filing of this action and who performed appraisals in connection with home-secured loans [i]n West Virginia on behalf of Quicken after

2

receiving an appraisal request form with an estimate of value on it. [*Id.* at 16].

In the First Amended Complaint, the plaintiffs bring eight causes of actions against the defendants on behalf of themselves and the proposed class [*See id.* at 17-21]. In addition, the plaintiffs bring two causes of action against the defendants on behalf of only themselves [*Id.* at 21-23].[1]

On July 23, 2012, defendant Quicken filed a Notice of Removal [Doc. 1] with this Court. In the Notice of Removal, defendant Quicken stated that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005 ("CAFA")) [*Id.* at 1]. On August 21, 2012, the plaintiffs filed their Motion to Remand [Doc. 10]. In the motion to remand, plaintiffs concede that the lawsuit meets the requirements

---

[1]The plaintiffs raise the following claims on behalf of themselves and the proposed plaintiff class against all the defendants: (1) civil conspiracy [*Id.* at 17 (Count One)]; (2) unfair or deceptive acts or practices in violation of the West Virginia Consumer Credit and Protection Act under West Virginia Code Section 46A-6-104 [*Id.* at 17-18 (Count Two)]; and (3) negligence and negligence per se [*Id.* at 21 (Count Eight)]. In addition, the plaintiffs bring the following claims against all the defendants on behalf of only the named plaintiffs: (1) fraud and intentional misrepresentation [*Id.* at 21-22 (Count Nine)]; and (2) illegal loans in excess of fair market value in violation of the West Virginia Residential Mortgage Lender, Broker and Servicer Act under West Virginia Code Section 31-17-8(m) [*Id.* at 23 (Count Ten)].

The plaintiffs raise the following claims on behalf of themselves and the proposed plaintiff class against defendant Quicken Loans, Inc.: (1) violation of the West Virginia Residential Mortgage Lender, Broker and Servicer Act under West Virginia Code Section 31-7-8 [*Id.* at 18 (Count Three)]; (2) inducement into an unconscionable contract in violation of the West Virginia Consumer Credit and Protection Act under West Virginia Code Section 46A-6-104 [*Id.* (Count Four)]; (3) unauthorized charges in violation of the West Virginia Consumer Credit and Protection Act under West Virginia Code Sections 46A-3-109(a), 46A-1-102(7), and 46A-1-102(28) [*Id.* at 19-20 (Count Six)]; and (4) breach of contract [*Id.* at 20-21 (Count Seven)]. Against the class of defendant appraisers, the plaintiffs raise the following claim on behalf of themselves and the proposed plaintiff class: (1) violations of the Real Estate Appraiser Licensing & Certification Act under West Virginia Code Sections 30-38-12(3) and 30-38-17 [*Id.* at 19 (Count Five)].

for federal jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) [Doc. 8-1 at 5]. However, plaintiffs state that (1) all of the proposed plaintiff class members are citizens of West Virginia [*Id.* at 6-7]; (2) the class of defendant appraisers consists of West Virginia citizens whose conduct forms a significant basis for the class claims and from whom the plaintiffs seek significant relief [*Id.* at 7-9]; (3) the principal injuries to the proposed plaintiff class were incurred in West Virginia [*Id.* at 9]; and (4) no other similar class actions have been filed in the previous three years [*Id.*]. As such, the plaintiffs argue that the action falls under the "local controversy" exception to CAFA, thereby precluding federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(4)(A) [*Id.* at 1]. Furthermore, the plaintiffs argue that remand is mandatory [*Id.* at 6, citing **Martin v. State Farm Mutual Auto Ins. Co.**, 2010 U.S. Dist. LEXIS 84903, at *9 (S.D. W.Va. Aug. 18, 2010); and 28 U.S.C. § 1332(d)(4)(A)].

Defendant Quicken argues that the plaintiffs are seeking relief mainly from it, a Michigan company [Doc. 11 at 2]. As such, defendant Quicken argues that the "local controversy" exception should not apply to this case [*Id.*]. In particular, Quicken argues that there is no West Virginia citizen defendant from whom the plaintiffs seek significant relief and whose conduct forms a significant basis for the plaintiffs' lawsuit [*Id.* at 3-4]. In his response, defendant Hyett states that he opposes the plaintiffs' motion to remand and joins in defendant Quicken's, response [Doc. 12]. In their response, defendants Dewey V. Guida and Appraisals Unlimited, Inc., also state that they oppose the motion to remand and join in defendant Quicken's, response [Doc. 13]. Defendant Title Source filed no response to the plaintiffs' Motion to Remand.

## II.  Applicable Standard

Pursuant to 28 U.S.C. § 1332(d), a district court has jurisdiction over certain class action lawsuits.  "CAFA authorizes the removal of any civil action which is a class action in which (1) 'the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,' 28 U.S.C. § 1332(d)(2); (2) 'any member of a class of plaintiffs is a citizen of a State different from any defendant,' *id.* § 1332(d)(2)(A); and (3) there are 100 or more plaintiff class members, id. § 1332(d)(5)(B)."  **West Virginia ex rel. McGraw v. CVS Pharm., Inc.**, 646 F.3d 169, 174 (4th Cir. 2011).[2]  The removing party must prove these three elements by a preponderance of the evidence.  See **Johnson v. Advance Am.**, 549 F.3d 932, 935 (4th Cir. 2008).

In the event these three elements are satisfied, CAFA requires that "[a] district court shall decline to exercise jurisdiction" over a class action law suit that meets the following conditions:  (1) more than two-thirds of the members of the proposed class are citizens of the State in which the lawsuit was originally filed; (2) at least one defendant (a) is a defendant from whom the plaintiff class is seeking significant relief, (b) is a defendant whose conduct "forms a significant basis" for the plaintiff class's claims, and (c) is a citizen of the State in which the action was originally filed; (3) the principal injuries stemming from the conduct alleged in the complaint occurred in the State in which the action was originally filed; and (4) in the three years preceding the complaint, no other similar class action was

---

[2] CAFA "defines 'class action' to mean any civil action filed under rule 23 of the Federal Rules of Civil procedure or *similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.*' *Id.* § 1332(d)(1)(B)." **McGraw**, 646 F.3d at 174 (emphasis in original). West Virginia Civil Rule of Procedure 23 satisfies the emphasized "similarity" requirement. See ***id.***

filed against any of the defendants on behalf of the same or other class.  28 U.S.C. § 1332(d)(4)(A).  This is commonly known as the "local controversy" exception.  *See* **Eakins v. Pella Corp.**, 455 F.Supp.2d 450, 451 (E.D. N.C. 2006).  A plaintiff seeking remand pursuant to a CAFA exception must prove by a preponderance of the evidence that the particular exception applies.  *See* **Johnson**, 549 F.3d at 934-935.

Finally, 28 U.S.C. § 1453(b) "eliminates at least three of the traditional limitations on removal: (1) the rule that, in a diversity case, a defendant cannot remove a case from its home forum, § 1441(b); (2) the rule that a defendant cannot remove a diversity case once it has been pending in state court for more than a year, § 1446(b); and (3) the rule that all defendants must consent to removal . . .."  **Palisades Collections LLC v. Shorts**, 552 F.3d 327, 331 (4th Cir. 2008) (internal citations omitted).

### III. Discussion

Before addressing whether the local controversy exception applies to this proceeding, this Court must determine whether it has jurisdiction over this proceeding pursuant to CAFA.  This Court first finds that the $5,000,000 amount in controversy has been established.[3]  Next, this Court notes that the minimum diversity requirement has been met because the plaintiffs are West Virginia citizens and defendant Quicken is a citizen of

---

[3]Between January 1, 2012, and June 17, 2012, defendant Quicken originated 660 loans in West Virginia to more than 600 different West Virginia borrowers [Doc. 1-2 at 3]. Of those 660 loans, 192 included courier fees; these 192 loans totaled $28,024,196 [*Id.*]. As such, because that total is limited to a mere subset of the entire plaintiff class, this Court has no problem finding that the amount in controversy requirement has been established by the removing party.

Michigan.[4]  Finally, this Court finds that the third requirement has been met because there are 100 or more members of the plaintiff class.[5]  Furthermore, this Court notes that the parties do not dispute that all three CAFA requirements have been established in this case [Doc. 1 at 4-10; Doc. 8-1 at 5].

Having determined that it has jurisdiction of this proceeding pursuant to CAFA, this Court must next address whether it is required to refrain from exercising jurisdiction under the local controversy exception.  The plaintiffs argue that the local controversy exception applies in this proceeding, requiring this Court to decline to exercise jurisdiction pursuant to CAFA.  The parties agree that the proposed plaintiff class meets the first element that more than two-thirds of the members of the proposed class are citizens of the State in which the lawsuit was originally filed [Doc. 8-1 at 6-7; Doc. 11 at 3; Doc. 12 at 1; and Doc. 13 at 1]; in fact, the proposed plaintiff class consists of only West Virginia citizens [*See* Doc. 1-1 at 15] and, therefore, does indeed meet the first requirement.  In addition, the parties agree that the third element has been met in this case [Doc. 8-1 at 9; Doc. 11 at 3; Doc. 12 at 1; and Doc. 13 at 1]; this Court agrees because, based upon the proposed plaintiff class, the loans at issue all occurred in West Virginia and were obtained by West Virginia citizens [*See* Doc. 1-1 at 15-16].  Finally, the parties agree that the fourth element has been established because no other similar class actions have been filed in the previous

---

[4]Quicken is incorporated under the laws of the state of Michigan; in addition, its principal place of business is in the state of Michigan [*See* Doc. 1 at 5].

[5]Between January 1, 2012, and July 17, 2012, Quicken originated 660 loans in West Virginia to more than 600 different borrowers.  From these 660 loans, 391 loans included courier fees and 192 loans included discount fees.  *See* Doc. 1 at 6 and Doc. 1-2 at 3.

three years [Doc. 8-1 at 9; Doc. 11 at 3; Doc. 12 at 1; and Doc. 13 at 1]; this Court agrees.[6]

As such, the only element of this exception in dispute is the second element—whether the class of defendant appraisers qualifies as a significant local defendant.  In other words, plaintiffs must establish by a preponderance of the evidence that the class of defendant appraisers is a local defendant from whom significant relief is sought and whose alleged conduct forms a significant basis of the class claims asserted.  As explained below, this Court concludes that plaintiffs have made this showing.

### A. Significant Relief

The term "significant relief" is ambiguous and has yet to be interpreted by the Fourth Circuit Court of Appeals ("Fourth Circuit").  Although the Fourth Circuit has not interpreted the phrase "significant relief," the Eleventh Circuit Court of Appeals ("Eleventh Circuit") has held that "a class seeks 'significant relief' against a defendant when the relief sought against the defendant is a significant portion of the entire relief sought."  **Evans v. Walter Indus.**, 449 F.3d 1159, 1167 (11th Cir. 2006) (citation omitted).  The court in **Evans** further explained that the significant relief test requires a comparative analysis that "includes not

---

[6]On April 3, 2012, a class action case regarding credit scores was filed against Quicken with this Court [Case Number 3:12-CV-24 Doc. 1].  On May 1, 2012, a class action case regarding credit scores was filed against Quicken in the United States District Court for the Southern District of West Virginia [United States District Court for the Southern District of West Virginia Case Number 2:12-CV-1353 Doc. 1].  These two cases do not assert the same or similar factual allegations against any of the defendants. Although a similar case was filed with this Court [Case Number 5:12-CV-115], this Court notes that the case was filed with the Circuit Court of Ohio County, West Virginia, on the same day as this proceeding and, therefore, did not precede this proceeding.  See 28 U.S.C. § 1332(d)(4)(A)(ii) ("during the 3-year period *preceding* the filing of [the] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons") (*emphasis added*). In addition, the two cases were removed from the circuit court to this Court on the same day.

only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment." *Id.* (citation omitted).  This Court has applied the Eleventh Circuit's standard in a recent decision pertaining to the local controversy exception.  See *Carter v. Allstate Ins. Co.*, 2012 WL 3637239, *9 (N.D.W.Va. Aug. 21, 2012).[7]

First, under a comparative analysis regarding harm, this Court notes that the loans at issue were obtained through the alleged false appraisals provided by the class of defendant appraisers.  As such, although this Court does not have an exact number of members of the class who were harmed by the defendant's actions, the standard practices alleged in the First Amended Complaint began with the appraisals obtained from the class of defendant appraisers.  Accordingly, this Court finds that this factor does weigh in favor of finding that the plaintiffs are seeking significant relief from the class of defendant appraisers.

Next, under the comparative analysis regarding relief sought from the defendants, the defendants argue that the "[p]laintiffs failed to submit any evidence or assessment of the value of the relief they are seeking" [Doc. 11 at 4; Doc. 12; and Doc. 13].  However, in support of the plaintiffs' claim that they are seeking significant relief from the class of defendant appraisers, counsel for the plaintiffs submitted a declaration providing examples

---

[7]This Court notes that the outcome in *Carter* was different in part because the alleged local defendant was an officer of a foreign corporation that was also a defendant in the proceeding; as such, the intra-corporate conspiracy doctrine precluded a finding of the significant relief requirement with regard to the corporate officer.  2012 WL 3637239 at *9.

of relief obtained in cases involving an appraiser defendant and a lender defendant [Doc. 14-8 at 2].  The plaintiffs argue that these examples demonstrate that the "appraisers ma[de] significant contributions to the overall settlements" of those cases and demonstrate that the plaintiffs are seeking significant relief from the appraisers in this case [*Id.* at 2-3]. This Court agrees.  Mr. Causey's declaration lists recovery from the appraisers in the sample cases ranging from $35,000 to $500,000 and from 23% to 87% of the total recovery [*Id.* at 3].  As such, this Court finds that this factor again weighs in favor of finding that the plaintiffs are seeking significant relief from the class of defendant appraisers.

      Finally, with regard to the comparative analysis regarding each defendant's ability to pay relief, the defendants argue that the representative defendants are not likely to satisfy a judgment [Doc. 11 at 6; Doc. 12; and Doc. 13].  The defendants state that (1) Appraisals Unlimited, Inc., filed articles of dissolution on May 18, 2012 [Doc. 11-1], (2) Dewey V. Guida filed a bankruptcy petition on March 3, 2011 [Doc. 11-2], and (3) an Ohio insurance company is funding the Richard Hyett's defense and cost of judgment [Doc. 11-3].  The defendants argue that, as such, there is no evidence that significant relief will come from these named representatives of the class of defendant appraisers [Doc. 11 at 6; Doc. 12; and Doc. 13, citing **Laws v. Priority Tr. Servs. Of N.C.**, 2008 WL 3539512 (W.D.N.C. Aug. 11, 2008) (ruling that because local defendant had no assets, plaintiffs could not meet "significant relief" requirement because all monetary relief would be sought from out-of-state defendant)].  The plaintiffs reply that the Guida bankruptcy petition was dismissed [Doc. 14-10] and that they "reasonably anticipate that relief will be obtained from . . . insurers" with regard to other individual appraiser defendants [Doc. 14 at 13].  Even if insurers were not a sufficient basis to find that this factor weighs in favor of the significant

relief requirement, the other two factors do weigh in favor of such a finding. Accordingly, the various comparative analyses lead this Court to conclude that the significant relief requirement has been met in this case.

### B. Significant Basis

The term "significant basis" has yet to be interpreted by the Fourth Circuit. The Third Circuit Court of Appeals ("Third Circuit") has held that this component of the local controversy exception requires that there be "at least one local defendant whose alleged conduct forms a significant basis for *all* the claims asserted in the action." **Kaufman v. Allstate New Jersey Ins. Co.**, 561 F.3d 144, 155 (3d Cir. 2009) (emphasis added). In addition, the Third Circuit has stated that "[t]he local defendant's alleged conduct must be an important ground for the asserted claims in view of the alleged conduct of all the [d]efendants." *Id.* at 157. The Eighth Circuit Court of Appeals ("Eighth Circuit") has adopted the same approach. **Westerfeld v. Independent Processing, LLC**, 621 F.3d 819, 825 (8th Cir. 2010) (quoting **Kaufman**, 561 F.3d at 157). In addition, this Court has utilized this approach in a recent decision pertaining to the local controversy exception. *See* **Carter**, 2012 WL 3637239 at *10.

Under the analysis for this element, a court can consider various factors, such as the following:

> (1) the relative importance of each of the claims to the action; (2) the nature of the claims and issues raised against the local defendant; (3) the nature of the claims and issues raised against all the [d]efendants; (4) the number of claims that rely on the local defendant's alleged conduct; (5) the number of

11

claims asserted; (6) the identity of the [d]efendants; (7) whether the [d]efendants are related; (8) the number of members of the [proposed] class[ ] asserting claims that rely on the local defendant's alleged conduct; and (9) the approximate number of members in the [proposed] class.

*Kaufman*, 561 F.3d at 157 n.13 (listing examples of factors to be considered by the district court on remand in preparing an analysis of the local and non-local defendants' alleged conduct).

Upon a review of the relevant factors, this Court determines that the plaintiffs have established that the alleged conduct of the class of defendant appraisers forms a significant basis of the alleged claims in this proceeding. First, this Court notes that the loans at issue in this proceeding were obtained based upon the allegedly false appraisals.[8] As such, the factors pertaining to the importance and nature of the claims support a finding that the significant basis requirement has been met in this proceeding. Although the defendants argue that neither joint and several liability nor a theory of conspiracy is sufficient to establish the significant basis requirement [Doc. 11 at 7],[9] this Court does not reach its conclusion merely on the alleged enterprise among the defendants. Instead, this Court

---

[8]In their First Amended Complaint, the plaintiffs allege that it was Quicken's standard practice to obtain appraisals from the class of defendant appraisers based upon an estimated value [Doc. 1-1 at 8]. The plaintiffs further allege that "[a]fter . . . obtain[ing] an appraisal value sufficient to sustain the loan," Quicken's standard practice was to charge certain "unlawful and excessive fees" for the loan and to provide unsigned copies of the loan documents at the closing [*Id.* at 9-10]. Based upon these allegations, the plaintiffs argue that the alleged conduct of the class of defendant appraisers forms a significant basis of the claims asserted in this proceeding [Doc. 8-1 at 7-9; Doc. 14 at 8-11].

[9]This argument was made in response to the plaintiffs' statement that each defendant's conduct formed an essential role in the alleged enterprise [Doc. 8-1 at 8-9; Doc. 14 at 8-9].

12

finds that the alleged conduct of the class of defendant appraisers plays a vital and necessary role in the alleged enterprise because the loans were obtained through the allegedly false appraisals.[10]

Next, this Court notes that the factors pertaining to the number of claims supports the same conclusion regarding the significant basis requirement. Defendants argue that the fact that four of the ten counts contained in the First Amended Complaint do not pertain to the class of defendant appraisers indicates that the alleged conduct of the class of defendant appraisers does not form a significant basis of the lawsuit [Doc. 11 at 9; Doc. 12; and Doc. 13]. The plaintiffs reply that, although four of the counts were not filed against the class of defendant appraisers, those claims are still based upon the alleged conduct of the defendant appraisers class in that the loans were entered into based upon the appraisals [Doc. 14 at 9]. Moreover, two of those claims directly refer to the false appraisals [Doc. 1-1 at 18, and 20-21]. This Court concludes that the majority of the counts contained in the

---

[10]The defendants also argue that the alleged conduct of the class of defendant appraisers cannot form a significant basis of the claims because the purpose of appraisals is to protect lenders, not borrowers [Doc. 11 at 7-8 (citing ***Wallace v. Midwest Fin. & Mortg. Servs. Inc.***, 728 F.Supp.2d 906 (E.D.Ky. 2010); ***Sararo v. United States Bank Nat'l Ass'n***, 2012 WL 2369254, *1 (M.D. Fla. Jun. 22, 2012); and ***Nymark v. Heart Fed'l Sav. & Loan Ass'n***, 231 Cal. App. 3d 1089 (Cal. Ct. App. 1991); Doc. 12; and Doc. 13]. However, as noted by the plaintiffs, federal law, The Appraisal Foundation, the Uniform Standards of Professional Appraisal Practice ("USPAP"), Fannie Mae, and West Virginia law all condemn the influencing of appraisals [Doc. 14 at 3-8]. Moreover, the appraisal reports for the named representative plaintiffs specifically state that the borrower may reply upon the appraisal report [*Id.* at 8]. The appraisal reports state that "[t]he borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties" [Doc. 14-4 at 12, ¶ 23; Doc. 14-5 at 7, ¶ 23; Doc. 14-6 at 7, ¶ 23; Doc. 14-7 at 7, ¶ 23]. Accordingly, this Court finds that the appraisals can support the significant basis requirement.

First Amended Complaint directly relate to the alleged conduct of the class of defendant appraisers.  See **Kaufman**, 561 F.3d at 155-56 ("The provision does not require that the local defendant's alleged conduct form a basis of *each* claim asserted; it requires that the local defendant's alleged conduct form a *significant basis* of all the claims asserted.").  In addition, nearly all of the counts are a direct or indirect result of the alleged conduct of the class of defendant appraisers because such conduct formed the foundation of the loans.  Accordingly, the factors pertaining to the number of claims provide further support for the conclusion that the significant basis requirement has been met with regard to the class of defendant appraisers.

The Court next examines the identity of and relationship among the defendants as well as the approximate number of members of the plaintiff class.  The defendants argue that the definition of the proposed plaintiff class indicates that the defendant appraisers class is merely "peripheral" [Doc. 11 at 8 (citing **Eakins**, 455 F.Supp.2d at 452); Doc 12; and Doc. 13].  However, this Court disagrees.  In their First Amended Complaint, the plaintiffs allege standard practices by Quicken, which include references to the actions of other defendants [Doc. 1-2 at 8-10].  In particular, the plaintiffs allege that the standard practices pertaining to illegal fees and unsigned documents occurred after Quicken was able to obtain a loan based upon a false appraisal [*Id.* at 9].  As such, the class of defendant appraisers is not merely peripheral because their conduct serves as the basis of each loan and claim.  Moreover, the impact of the appraisals on the loans and the members of the plaintiff class[11] further supports the conclusion that the alleged conduct of

---

[11]In **Carter**, this Court determined that the significant basis requirement had not been met in part because the alleged local defendant interacted with only a limited number

the class of defendant appraisers forms a significant basis of the claims in this proceeding.

As such, based upon the relevant factors, this Court concludes that the plaintiffs have established their burden to demonstrate that the alleged conduct of the class of defendant appraisers forms a significant basis of the claims in this case. Because the plaintiffs have met both the significant relief and significant basis requirements, this Court is not able to retain jurisdiction in this case under CAFA and must remand the proceeding to state court based upon the local controversy exception.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand **[Doc. 8]** is hereby **GRANTED**. Accordingly, this case is **REMANDED** to the Circuit Court of Ohio County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** October 9, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

---

of members of the plaintiff class. This case in distinguishable from *Carter* because the class of defendant appraisers had more than limited contact with the members of the plaintiff class. 2012 WL 3637239 at *10.